UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FOXWORTHY, et al.,<br><br>　　　　Respondents. | No.  2:21-cv-1261-JAM-EFB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner commenced this action while confined to a county jail as a pretrial detainee. ECF No. 1 at 2. He proceeds without counsel and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being "malicious[ly]" prosecuted and that his conditions of confinement are unlawful.[1] ECF No. 1 at 3, 4. As discussed below, the court will recommend that the petition be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

/////

/////

---

[1] Petitioner also seeks leave to proceed in forma pauperis. ECF No. 10. That request is granted and the February 9, 2022 findings and recommendations recommending dismissal of this action for petitioner's failure to either pay the filing fee or seek leave to proceed in forma pauperis (ECF No. 8), are withdrawn.

To the extent petitioner is awaiting trial as a pretrial detainee, the court must abstain from considering his malicious prosecution claim while his state proceedings are active. *See Younger v. Harris*, 401 U.S. 37 (1971).  Under *Younger*, federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances. *Id.* at 49, 53.  *Younger* abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).  The petition indicates that petitioner is awaiting trial in the El Dorado County Superior Court in case number P21CRF0213.  ECF No. 1 at 2.  Without question, state criminal proceedings implicate important state interests, and California state courts provide an adequate forum in which petitioner may pursue his claims regarding his pending charges.

To the extent petitioner also challenges the conditions of his confinement as opposed to the legality or duration of his confinement, his claims are not cognizable in this federal habeas action and must be dismissed.  Federal courts offer two main avenues to relief on complaints related to one's imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983.  Challenges to the validity of one's confinement or the duration of one's confinement are properly brought in a habeas action, whereas requests for relief turning on the circumstances of one's confinement are properly brought in a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases.

/////

/////

/////

Accordingly, IT IS ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis (ECF No. 10) is granted;

2. The February 9, 2022 findings and recommendations (ECF No. 8) are withdrawn;

Further, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: March 16, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE